Filed 2/19/21  P. v. Sanchez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077454 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF38446) |
| RODOLFO McCLELLAN SANCHEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In October 2017, Rodolfo Sanchez pleaded guilty to injuring his girlfriend (Pen. Code,[1] § 273.5).  The court suspended the imposition of sentence and placed Sanchez on probation on various terms and conditions.

---

[1]    All further statutory references are to the Penal Code.

In March 2018, Sanchez admitted violating his probation; the court revoked and then reinstated Sanchez on probation.

In October 2018, Sanchez again admitted violating probation. The court revoked probation, imposed a four-year prison term, but suspended the execution of the sentence and reinstated Sanchez on probation.

In March 2019, Sanchez again admitted violating probation. Probation was revoked, and Sanchez was reinstated on probation.

In March 2020, the court held a contested revocation hearing on the probation officer's latest request to revoke probation. Following the evidentiary hearing, the trial court found Sanchez violated his probation because he was terminated from his anger management classes, had contact with the victim, and failed to report to the probation officer.

The court declined to reinstate Sanchez on probation. It sentenced Sanchez to the four-year term, which had been imposed then suspended.

Sanchez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating that counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Sanchez the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

We will include only a summary of the final revocation proceeding. Sanchez has never appealed regarding his 2017 guilty plea, nor has he appealed any of the previous revocation proceedings.

At the evidentiary hearing, the probation officer testified Sanchez had been terminated from the anger management classes for excessive absences,

2

Sanchez admitted contacting the victim, and did not report to the probation officer as directed.

Sanchez testified he didn't understand the classes, and he had transportation difficulties that prevented him from reporting to the probation officer.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in reviewing the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in revoking probation and in refusing to reinstate Sanchez on probation.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Sanchez on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


GUERRERO, J.